# United States Court of Appeals
## for the Fifth Circuit

———————

No. 24-11020

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2025

Lyle W. Cayce
Clerk

Deloris Phillips,

*Plaintiff—Appellant*,

*versus*

Texas Department of Insurance Division of Workers
Compensation; Fleming Companies Incorporated;
Bankers Standard; ESIS; United Parcel Service,
Incorporated; Liberty Mutual Insurance Company;
Teamsters Local Union 767; City of Dallas
Municipality; Dallas County Municipality; Dallas
Police Department Municipality; International
Brotherhood of Teamsters; Local Union 767; Meres
Thompson; United States Attorney Office,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2605

———————————————————

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11020

Deloris Phillips, proceeding pro se, seeks to proceed in forma pauperis (IFP) on appeal from (i) the district court's administrative closure of her case pursuant to a previously imposed sanction order, and (ii) the district court's subsequent order striking additional attachments. She also moves for the appointment of counsel and the appointment of a special master.

Although pro se filings are afforded liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Phillips's filings in this court do not address the district court's reasons for administratively closing her case or for striking her additional attachments. Accordingly, she has abandoned any challenge to these rulings. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. As a result, Phillips has failed to demonstrate that there is a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Accordingly, Phillips's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Her motions for the appointment of counsel and a special master are also DENIED.

2